Blake T. Godwin (Wyoming Bar No. 8-7102)
Lonabaugh and Riggs, LLP
50 East Loucks Street
Sheridan, WY 82801
307-672-7444
blake@lonabaugh.com
*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MOUNTAIN VALLEY LIVESTOCK, INC.<br>a Wyoming corporation,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF THE INTERIOR, acting by and through The Bureau of Land Management and the Interior Board of Land Appeals<br><br>Respondent. | Case No.: 1:26-cv-00241 |

**<u>PETITION FOR REVIEW OF FINAL AGENCY ACTION</u>**

Petitioner Mountain Valley Livestock, Inc. ("<u>Mountain Valley</u>") respectfully petitions this Court to review a final agency action of the Department of Interior, stating as follows:

## I. Identification of the final agency action being challenged.

1. On November 8, 2018, the BLM accepted "the plat and field notes representing the dependent resurvey of a portion of the east and west boundaries, and portions of the subdivisional lines, designed to restore the corners in their true original locations according to the best available

evidence, Township 33 North, Range 70 West, Sixth Principal Meridian, Wyoming, Group No. 979" (referred to herein as the "Dependent Resurvey"). 83 F.R. 57747.

2. Mountain Valley protested the Dependent Resurvey (the "Protest") by timely delivering its Notice of Appeal and subsequent Statement of Reasons to the Wyoming State Director of the BLM. Case No. LLWY-957000-18-L13100000-PP0000.

3. By letter dated June 10, 2019, the Wyoming State Director of the BLM dismissed the Protest (the "State Director Dismissal"). Case No. LLWY-957000-18-L13100000-PP0000.

4. On July 11, 2019, Mountain Valley timely appealed the State Director Dismissal (the "Appeal") to the Interior Board of Land Appeals (the "IBLA"). IBLA-2019-156.

5. On March 5, 2026, the IBLA issued an order (the "Order") "affirm[ing], without opinion," (pursuant to 43 C.F.R. § 4.412(b)) the State Director Dismissal. IBLA-2019-156.

6. Mountain Valley now petitions this Court for review and reversal of the Order.

## II. Factual allegations relating to the grounds on which the agency action is being challenged.

7. The dispute in this case concerns the correct location of the corner of Sections 29, 30, 31, and 32 of Township 33 North, Range 70 West, in Converse County, Wyoming (the "Corner-in-Question").

8. Mountain Valley owns the real property directly adjacent to the Corner-in-Question to the Southeast, more particularly described as the West-half (W½) of Section 32 (the "Mountain Valley Property").

9. The real property adjacent to the Corner-in-Question to the Northwest and Southwest is owned by Chamberlain Brothers Ranch, Inc. and is more particularly described, in

relevant part, as the Northeast-quarter (NE¼) of Section 31 and all of Section 30 (the "Chamberlain Brothers Property").

10. The real property adjacent to the Corner-in-Question to the Northeast is owned by Z Lazy Y Ranch, LLC and is more particularly described, in relevant part, as the South-half of Section 29 (the "Z Lazy Y Property").

11. The Corner-in-Question forms the northwest boundary point of Mountain Valley's Property and has been the point from which the dividing lines between the parcels of land lying in Sections 29, 30, 31, and 32 of Township 33, Range 70 West, in Converse County, have intersected and extended, since the original patents for those parcels were issued.

12. The first recorded survey establishing the location of the Corner-in-Question was conducted in 1881 (the "Original Survey"). The Original Survey identified a wood post, 4 feet long, 4 inches square, 12 inches in the ground (the "Wood Post"), as the monument marking the location for the Corner-in-Question.

13. Another survey was conducted in or around 1916, by L.C. Bishop (the "Bishop Survey"). The Bishop Survey again identified the original government corner (i.e., the Wood Post) as the Corner-in-Question.

14. Sometime between 1916 and 1952, two fences were built in this area, one running east-west and the other running north-south, and, since at least 1952, these two fences have intersected at the presumed location of the Wood Post, and this intersection (the "Fence Intersection") has served, for all practical purposes, as the Corner-in-Question.

15. In 2006, Professional Land Surveyor Gordon L. Peterson conducted a survey (the "Peterson Survey") and, for the first time, identified an entirely new monument—a stone, of no

specified size or marking, near the northwest corner of the Mountain Valley Property (the "Peterson Stone")—as the Corner-in-Question.

16. In 2010, Professional Land Surveyor Cevin Imus conducted a survey (the "Imus Survey") which identified a previously unknown and unmarked set stone, 10-inches by 8-inches by 2-inches in size, found in the fenceline, as the Corner-in-Question (the "Imus Stone").

17. In 2011, Professional Land Surveyor Michael C. Zancanella conducted a survey (the "Zancanella Survey") and identified the Fence Intersection as the historical location of the Wood Post utilized in the Original Survey. Mr. Zancanella filed a record of the Zancanella Survey result in the corner records in 2018, after consultation with the BLM regarding the location of the Corner-in-Question.

18. Between 2011 and 2014, Professional Land Surveyor Raymond Scott conducted nine surveys in this area (the "Scott Surveys"), identifying the following stones as the Corner-in-Question at various points in time:

a. April 4, 2011: "set marked stone"

b. June 14, 2012: "stone" (unmarked)

c. July 12, 2012: "set marked stone"

d. July 20, 2012: "set marked stone"

e. September 14, 2012: "set stone" (unmarked)

f. June 13, 2013: "set marked stone"

g. January 30, 2014: "set stone" (unmarked)

h. February 18, 2014: "set stone" (unmarked)

i. June 6, 2014: "set stone" (unmarked)

(the "Scott Stones").

19. In 2014, John Kreschel also conducted a survey in this area (the "Kreschel Survey") and identified an apparently unmarked limestone rock, 10-inches by 8-inches by 2-inches in size, at the Corner-in-Question (the "Kreschel Rock").

20. In 2017, the BLM conducted the Dependent Resurvey. For the first time in the recorded survey history of this area, the Dependent Resurvey identified an unmarked sandstone rock, 8-inches by 8-inches by 6-inches in size (the "BLM Sandstone"), as the monument marking the Corner-in-Question.

21. In the Dependent Resurvey, the BLM considered the Scott Stones, the Imus Stone, and the Peterson Stone to be the same stone (and, therefore, the same marker for the Corner-in-Question), and used that assumption as a basis for its relocation of the Corner-in-Question from the Fence Intersection to the location of the BLM Sandstone.

22. In the process of identifying the BLM Sandstone as the Corner-in-Question, BLM reviewed, but rejected, the Original Survey, the Bishop Survey, and the Zancanella Survey, along with the Affidavit of Judy Hageman, an owner of Mountain Valley and, thereby, an owner of the Mountain Valley Property since 1974, which all supported the Fence Intersection as the presumed location of the Wood Post and the Property boundary since at least 1952.

23. The substitution of the BLM Sandstone for the Fence Intersection as the Corner-in-Question, deprives Mountain Valley of the ownership of approximately 4.99 acres of the Mountain Valley Property.

## III. Legal basis for subject matter jurisdiction.

24. This Court has subject-matter jurisdiction under 5 U.S.C. § 702 and 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

25. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (e)(1)(B), because the lands that are the subject of this action are located in this District, and a substantial part of the events giving rise to this action occurred in this District.

26. The Order is the final decision for the Department of the Interior in regard to Mountain Valley's Protest of the Dependent Resurvey and is a final agency action under 43 C.F.R. § 4.412(c) and 5 U.S.C. § 704.

27. Mountain Valley has exhausted all available administrative remedies.

**REQUEST FOR RELIEF**

Petitioner respectfully requests that the Court issue an order:

1. Finding that the Dependent Resurvey was accepted by the BLM without observance of procedure required by law or was unwarranted by the facts, 5 U.S.C.A. § 706(2)(D), (F);
2. Setting aside the Order and the State Director's Dismissal, 5 U.S.C.A. § 706(2);
3. Voiding the Dependent Resurvey;
4. Award Petitioner all costs and attorneys' fees available under the Equal Access to Justice Act, 28 U.S.C. § 2412 and/or any other applicable law or regulation;
5. Grant such other relief, in law and in equity, to which Petitioner may be entitled.

Respectfully submitted this ____ day of August, 2026.

**LONABAUGH AND RIGGS, LLP**

*/s/ Blake T. Godwin*
Blake T. Godwin, WSB No. 8-7102
P.O. Drawer 5059
Sheridan, WY 82801
(307) 672-7444
blake@lonabaugh.com
*Attorney for Petitioner*